Cite as: 581 U. S. ____ (2017)           1

# SUPREME COURT OF THE UNITED STATES

_____

No. 16A1003 (16–8770)

_____

## JASON FARRELL MCGEHEE, ET AL. *v.* ASA HUTCHINSON, GOVERNOR OF ARKANSAS, ET AL.

ON APPLICATION FOR STAY AND PETITION FOR WRIT OF
CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE EIGHTH CIRCUIT

[April 20, 2017]

The application for stay of execution of sentences of death presented to JUSTICE ALITO and by him referred to the Court is denied. The petition for a writ of certiorari is denied.

JUSTICE GINSBURG and JUSTICE SOTOMAYOR would grant the application for stay of execution and the petition for a writ of certiorari.

JUSTICE BREYER and JUSTICE KAGAN would grant the application for stay of execution.

JUSTICE BREYER, dissenting from denial of application for stay of execution.

Arkansas set out to execute eight people over the course of 11 days. Why these eight? Why now? The apparent reason has nothing to do with the heinousness of their crimes or with the presence (or absence) of mitigating behavior. It has nothing to do with their mental state. It has nothing to do with the need for speedy punishment. Four have been on death row for over 20 years. All have been housed in solitary confinement for at least 10 years. Apparently the reason the State decided to proceed with these eight executions is that the 'use by' date of the State's execution drug is about to expire. See No. 17–1804, at p. 23 (case below) (CA8 Apr. 17, 2017) (Kelly, J.,

dissenting); see also Brief in Opposition to Application for Stay of Executions and Certiorari 11 and Exh. 1. In my view, that factor, when considered as a determining factor separating those who live from those who die, is close to random.

I have previously noted the arbitrariness with which executions are carried out in this country. See *Glossip* v. *Gross*, 576 U. S. ___ (2015) (BREYER, J., dissenting). And I have pointed out how the arbitrary nature of the death penalty system, as presently administered, runs contrary to the very purpose of a "rule of law." *Id.*, at ___ (slip op., at 9). The cases now before us reinforce that point.

The ever changing state of affairs with respect to these individuals further cautions against a rush to judgment. A Federal District Court preliminarily enjoined the State's execution protocol; the Eighth Circuit vacated the injunction. The Arkansas Supreme Court has stayed the executions of three of these men based on their individual circumstances. A Federal District Court has stayed one more. An Arkansas Circuit Court temporarily enjoined the State from using one of the necessary drugs; the Arkansas Supreme Court stayed that injunction. These individuals have now come before this Court with a variety of claims. One involves a Circuit split concerning when an alternative method of execution qualifies as available. See, *e.g.,* Statement of JUSTICE SOTOMAYOR, *post*. Another asks whether the State's compressed execution schedule constitutes cruel and unusual punishment. I would grant a stay so that the Court can sort out these various cases and claims. I would also grant the petition as to the compressed execution schedule. It presents one aspect of whether the death penalty is consistent with the Constitution. See U. S. Const., Amdt. 8.